IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**FRANK GAITHER,**

    **Petitioner,**

v.                                        **Case No. 1:21-cv-00073**

**FCI MCDOWELL WARDEN,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner Frank Gaither's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's Motion to Dismiss. (ECF No. 7). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** the § 2241 petition; **DISMISS** this matter, with prejudice; and **REMOVE** it from the docket of the Court.

**I.**     **Factual and Procedural Background**

    **A.**     **Proceedings in the Sentencing Court**

Frank Gaither is an incarcerated person currently housed at the Federal Correctional Institution, McDowell in Welch, West Virginia ("FCI McDowell"). Gaither is serving a 240-month sentence of imprisonment to be followed by a 10-year term of supervised release imposed after he pled guilty to a controlled substance offense in the

United States District Court for the Eastern District of Kentucky ("Sentencing Court"). (ECF No. 7-6 at 2); *United States v. Gaither*, Case No. 2:17-cr-00015-DLB-CJS-1, (E.D. Ky. July 26, 2018) at ECF No. 57. Gaither did not appeal his conviction or sentence, or file a motion under 28 U.S.C. § 2255.

On June 7, 2019, Gaither filed a motion for relief under the First Step Act, seeking a reduction in his sentence. *Gaither*, Case No. 2:17-cr-00015-DLB-CJS-1, at ECF No. 60. On January 23, 2020, this motion was denied. *Id.* at ECF No. 67. On March 4, 2021, Gaither filed another motion to reduce his sentence on the basis that (1) if he had been sentenced more recently he would not have been considered a career offender, (2) he is especially vulnerable to COVID-19, and (3) he has shown progress in his rehabilitation. *Id.* at ECF No. 71. The motion is still currently pending before the Sentencing Court.

### B. Proceedings in this Court

On January 28, 2021, Gaither filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an accompanying memorandum of law. (ECF Nos. 1, 2). He contends that his sentence is erroneous in light of the Supreme Court's ruling in *Mathis v. United States*, 136 S. Ct. 2243 (2016), because he was sentenced using a career offender enhancement that was based on a 2013 drug trafficking offense. (ECF No. 2 at 1). Gaither argues that his prior conviction does not qualify as a drug offense triggering the career offender enhancement. (*Id.* at 5–10). He asks the Court to vacate his sentence and to resentence him without applying the enhancement. (*Id.* at 1–2). Gaither asserts that he can challenge his sentence through a § 2241 petition, rather than a motion under § 2255, because § 2255 is inadequate or ineffective to test the legality of his sentence. (*Id.* at 2–3). Relying on the Fourth Circuit's decision in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), Gaither contends a § 2241 petition is proper in his case, as there has been a

change in substantive law, which occurred after his direct appeal and first § 2255 motion. Gaither adds that he cannot meet the gatekeeping provisions of § 2255, and his sentence presents an error sufficiently grave to be deemed a fundamental defect. (*Id*. at 3–6).

On March 30, 2021, Respondent filed a response and motion to dismiss or transfer the petition to the Sentencing Court. (ECF No. 7). Respondent contends that Gaither's petition must be dismissed because Gaither is challenging the imposition of his sentence, rather than its execution, and he does not meet the requirements of § 2255(e), the "savings clause," which would allow Gaither's otherwise-unavailable claims to proceed in a petition under § 2241. (*Id*. at 4–6). Respondent posits that Gaither does not satisfy the four-pronged test set forth in *Wheeler* given that he never filed a § 2255 motion; therefore, he cannot show a retroactive, substantive change that occurred after his first motion. (*Id*. at 7). Respondent further notes that *Mathis,* the case on which Gaither relies, was decided well before Gaither's sentence was imposed. (*Id*.). Respondent argues that the Court should dismiss the petition rather than transfer it to the Sentencing Court as a § 2255 motion as it is untimely and thus procedurally barred. (*Id*. at 8–9).

On May 7, 2021, Gaither filed a document explaining his opposition to Respondent's motion to dismiss or transfer. (ECF No. 9). He argues that he can rely on the savings clause, and his petition should not be dismissed or transferred because the deadline for him to file a § 2255 motion expired in 2019. (*Id*. at 2–3).

II. **Standard of Review**

Respondent requests that this Court dismiss Petitioner's § 2241 petition. (ECF No. 7). Because Respondent filed a response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir.

3

2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the Court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the Court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion, without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

**III.   Analysis**

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). On

4

limited occasion, the "savings clause" of 28 U.S.C. § 2255(e), allows a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to take the place of a § 2255 motion when the remedy under § 2255 is inadequate or ineffective, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001). Rather, the savings clause creates a narrow exception by which a prisoner may challenge his or her sentence under § 2241 if the claim meets four criteria: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Wheeler*, 886 F.3d at 429. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Wheeler* criteria. *See Hood v. United States*, 13 Fed. Appx 72 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850, at *6 (S.D.W. Va. Feb. 20, 2014).

      Gaither asserts that his claim satisfies the requirements of *Wheeler* largely because it is time-barred under § 2255. (ECF No. 7 at 2–3). He asserts that the rulings of the Supreme Court of the United States in *Mathis*, as well as *Shular v. United States*, 140 S. Ct. 779 (2020), provide the requisite change in law required to maintain his claims under § 2241. (*Id.* at 3–4). However, this argument is unavailing. Gaither cannot satisfy the savings clause because, as indicated by prongs 2, 3, and 4, a change in substantive law

5

must have occurred *after* a § 2241 petitioner has filed his first § 2255 motion. Even if the cases cited by Gaither were relevant to his designation as a career offender, they have no bearing on this matter because Gaither never filed a § 2255 motion. Similarly, Gaither cannot rely on *Mathis* as establishing the change in substantive law, because *Mathis* was decided two years before Gaither was sentenced. With respect to *Shular,* Gaither has not cited to any Supreme Court or Fourth Circuit case that has found *Shular* to be retroactive on collateral review. Accordingly, the undersigned **FINDS** that Gaither cannot satisfy the savings clause requirements.

Given that Gaither challenges the imposition of his sentence and has not shown that his remedy under § 2255 is inadequate or ineffective, his petition is properly construed under § 2255. Unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the prisoner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Therefore, if the Court chooses to construe the petition as a § 2255 motion, then the matter must be transferred to the appropriate court, as the Court lacks jurisdiction over the action. By statute, "upon receiving a wrongfully filed petition in a civil action, a court 'shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.'" *United States v. McNeill*, 523 F. App'x 979, 983 (4th Cir. 2013) (quoting 28 U.S.C. § 1631). Transfer of a petition that is filed in the incorrect court is not mandatory. *Id.* at 984. Rather, a district court retains the discretion to dismiss, rather than transfer, a petition that is frivolous or time-barred. *Id.*

Gaither asks the Court to hold this action in abeyance while he pursues a § 2255 motion in the Sentencing Court. (ECF No. 9 at 3–4). In this case, Gaither's action must

be dismissed, rather than transferred to the Sentencing Court or held in abeyance, for several reasons. First, the instant action was filed more than one year after his conviction became final. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Reviewing the petition, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3, or 4 of § 2255(f). As Gaither notes, the time period within which he could have filed a § 2255 motion expired in 2019. (ECF No. 9 at 2–3). Gaither did not file the instant petition until January 28, 2021. (ECF No. 1). Therefore, the petition was clearly filed after the expiration of the one-year limitation period. Furthermore, the record does not provide a basis for equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (holding that equitable tolling should only be extended when a habeas petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (stating that the AEDPA statute of limitations can be tolled in "rare instances

7

where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result."). Therefore, Gaither's petition is very clearly untimely.

In his reply memorandum, Gaither argues that the Supreme Court's ruling in *Shular*, 140 S. Ct. 779, renders his sentence invalid. (ECF No. 9 at 4–5). While a § 2255 motion based on *Shular* may be timely under § 2255(f)(3), *Shular* simply does not apply to Gaither's claim. In *Shular,* the Court examined the definition of "serious drug offense" found in the Armed Career Criminal Act ("ACCA"). The Court determined that the definition only required a predicate state drug offense to match the conduct specified in the ACCA, and did not require the state offense to match the elements of a generic drug offense. Gaither was not sentenced under the ACCA; rather, he was found to be a career offender under the provisions of the United States Sentencing Guidelines. Because a § 2255 motion based on *Shular* would be frivolous, transferring or staying Gaither's petition would result in a waste of judicial resources. Consequently, dismissal is required.

For the foregoing reasons, the undersigned **FINDS** that this Court lacks jurisdiction to consider Gaither's habeas petition. The undersigned further **FINDS** that the petition is frivolous and time-barred. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** the petition and **DISMISS** this action, with prejudice.

### III. <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Gaither's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's Motion to Dismiss, (ECF No. 7), be **GRANTED;** and

8

this action be **DISMISSED,** with prejudice, and **REMOVED** from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, The parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** August 11, 2021

Cheryl A. Eifert
United States Magistrate Judge